OPINION
Oliver Thompson appeals from his conviction for forgery in the Clark County Common Pleas Court.
On August 13, 1997, in the Clark County Court of Common Pleas, Oliver Thompson was indicted for the offense of Trafficking in Drugs with a specification for committing the offense within 1000 feet of a school in Case No. 97-CR-415. On December 16, 1997, Mr. Thompson pled guilty. (1997 Tr. at 3). The trial court ordered Mr. Thompson to serve a nine-month prison term (1997 Tr. at 10). As part of that sentence, the trial court informed Mr. Thompson that he could be subject to post-release control. (1997 Tr. at 4 and 97-CR-415 Judgment Entry).
On May 11, 1998, Mr. Thompson completed his nine-month sentence and was released from incarceration. With his release, the Ohio Parole Board exercised its discretion to place him on post-release control pursuant to R.C. 2967.28. On November 24, 1999, while still on post-release control, Mr. Thompson allegedly forged checks. Mr. Thompson was indicted December 13, 1999, and pled guilty to one count of forgery on January 14, 2000, in case number 99-CR-663. (See Plea Tr. at 3).
On January 28, 2000, a sentencing hearing for the forgery offense was held. After receiving the plea of guilty, the judge found Mr. Thompson to be in violation of the terms of his post-release control that were imposed by the Ohio Parole Board in case number 97-CR-415.
The judge sentenced Mr. Thompson to serve two separate sentences based on the forgery charge: first, Mr. Thompson was sentenced to a ten-month term for forgery under Case No. 99-CR-663. Second, the court added a one-year prison term to Mr. Thompson's 97-CR-415 sentencing for committing a felony while on post-release control. (99-CR-663 Judgment Entry). The court stated, "I find that you have violated the terms of your post-release control by being convicted of this felony by 99-CR-663, therefore, the minimum of one year in the Ohio State Penitentiary be (sic) added to your previous prison sentence in that case." (Sentencing Tr. at 7). Mr. Thompson was ordered to serve this one-year term consecutively and prior to the ten-month term for forgery in the present case.
Mr. Thompson filed a motion for delayed appeal on October 13, 2000. This Court granted the motion on November 2, 2000. Mr. Thompson now appeals the imposition of a one-year post-release control sanction by the Clark County Court of Common Pleas.
In his first assignment, Thompson argues he was denied the double jeopardy protections provided by the Ohio and United States Constitutions when the trial court imposed a post-release control sanction in addition to the sentence he received for committing the forgery offense.
This assignment is overruled. See, State v. Wellbaum (September 1, 2000), Champaign App. No. 2000-CA-5, unreported.
In the second assignment, Thompson asserts the trial counsel was constitutionally ineffective for failing to object to the alleged unconstitutional multiple punishments. This assignment has been rendered moot by our resolution of the first assignment.
The judgment of the trial court is Affirmed.
YOUNG, J., concurs. GRADY, J., concurs in judgment only.